ADERHOLT *v.* ADERHOLT.

Nov. 23, 1953

No. 38976 44 Adv. S. 1 67 So. 2d 880

Nov. 2, 1953 41 Adv. S. 1 67 So. 2d 505

*Raymon L. Burgess,* Tupelo, for appellant.

*Claude F. Clayton,* Tupelo, for appellee.

ROBERDS, P. J.

Mrs. Nellie Aderholt, the appellee herein, filed in this cause a bill in chancery, charging her husband, Carl Aderholt, the appellant, with cruel and inhuman treatment, desertion and adultery. She prayed for (1) separate maintenance, (2) possession and custody of their

three minor children, (3) for support of the children, (4) asked the court to adjudicate her the owner of one-half interest in the business of the husband, (5) that she be adjudged the owner of a certain automobile, and (6) for solicitor fees.

Appellant answered denying cruelty, desertion and adultery; admitted the wife should have the custody of the children, but claiming the right to visit them; and denied he should pay his wife separate maintenance money; denied she had any interest in the business or the automobile, or was entitled to solicitor fees. He made his answer a cross bill; charged his wife with cruel and inhuman treatment and prayed for a divorce from her. Mrs. Aderholt denied she had been guilty of cruel and inhuman treatment and denied Mr. Aderholt was entitled to a divorce.

The chancellor awarded the wife $50.00 per month separate maintenance; ordered Mr. Aderholt to pay to her each month said sum, plus $50.00 per month for each of the three children, making a total of $200.00; granted the mother custody of the three minor children, with right of visitation by Mr. Aderholt; dismissed the cross bill of appellant and ordered him to pay $75.00 for her solicitor. From this decree Mr. Aderholt appeals. There is no cross appeal.

Appellant urges that the testimony does not justify the separate maintenance adjudication and that the chancellor should have granted him a divorce. The two questions are intertwined in the testimony. The record is rather long and we think it unnecessary to detail the evidence. It is sufficient to say both of these propositions were questions of fact for the chancellor. The testimony of Mrs. Aderholt proved her case and disproved that of Mr. Aderholt. The testimony introduced by appellant, had the chancellor accepted it, tended to prove appellant's case. However, the chancellor accepted the testi-

mony favorable to Mrs. Aderholt, which he had a right to do and, in our opinion, was amply justified in so doing.

■■■ Appellee has made a motion we allow a fee for her solicitor in this Court. The chancellor, in this proceeding, allowed a fee of $75.00, and it is the rule in this Court to allow here fifty per cent of the fee awarded in the lower court where it is proper a fee be allowed. This is such a case, and decree will be entered here ordering appellant Carl Aderholt to pay, within sixty days of the date of such decree, to Mrs. Nellie Aderholt, appellee, the sum of $37.50 for fees of her solicitor.

Affirmed and allowance made for solicitor fees.

*Hall, Lee, Kyle* and *Holmes, JJ.*, concur.

---

#### MOTION TO DISMISS APPEAL ON A PLEA IN BAR THEREOF

McGehee, C. J.

The appellee, Mrs. Nellie Aderholt, seeks to have the appeal in the above styled cause now dismissed, and she pleads in bar of the appeal that the appellant, Carl Aderholt, is in contempt of court for failure to pay permanent alimony and a small fee to her attorney, as required to be done by a decree of the Chancery Court of Lee County, rendered on the 17th day of January, 1953. It is alleged that only $825.00 has been paid by the appellant on the amount of $1,825.00 of accrued alimony and that the attorney's fee has not been paid.

The motion to dismiss the appeal on the basis of the plea in bar is supported by the affidavits of the appellee, her attorney, and the chancery clerk as to the fact of the appellant being in arrears on the payment of the attorney's fee and the alimony to the extent hereinbefore mentioned. No response to the motion has been filed by the appellant.

The appellee relies upon the cases of Bullock v. Bullock, 201 Miss. 180, 29 So. 2d 79, and Creel v. Creel, 29 So. 2d 838. But in the Bullock case the appeal was dismissed for failure of prosecution, and upon the dismissal of the appeal the court granted unto the appellee the relief to which she was deemed to be entitled.

In the Creel case the nonpayment of alimony pendente lite was involved, and there was a failure to comply with the order of this court which had been previously entered on January 13, 1947, and which required the appellant to pay a solicitor's fee here, together with the alimony pendente lite of $100 per month allowed by this court, beginning on December 1, 1946, and the payment of which was still in default on April 7, 1947, when we dismissed the appeal.

 The instant case involves the nonpayment of permanent alimony and attorney's fee allowed by a decree of the chancery court, and we are not justified in adjudging the appellant to be in contempt of that court unless and until such fact has been adjudicated by the chancellor who rendered the decree, since it may be that the appellant has not willfully and contumaciously failed to comply with the order of that court, but has failed to do so because of inability to pay. The affidavit of the appellee discloses that since the rendition of the decree appealed from on January 17, 1953, requiring the monthly payments of alimony to begin on or before February 10, 1953, the appellant made a payment of $150 on February 10th, $100 on March 10th, $50 on March 20th, and $75 on the 10th day of each month thereafter up to and including October 10, 1953. He would be entitled to be heard as to his ability to have paid more before he can be adjudged in contempt for nonpayment of the monthly installments in full.

Therefore, the motion to dismiss the appeal in which the plea in bar thereof is incorporated must be, and the same is hereby overruled.

Overruled.

*Hall, Holmes, Arrington,* and *Ethridge, JJ.,* concur.